STATE OF VERMONT

SUPERIOR COURT                                                                    ENVIRONMENTAL DIVISION
                                                                                            Docket No. 1-1-11 Vtec &
                                                                                            Docket No. 138-8-10 Vtec

---

### Town of Hartford v. Wood

### and

### Wood NOV and Permit Applications

---

## ENTRY REGARDING MOTION

Title:          Motion to Recuse (Motion 21)

Filer:          Marc Wood

Attorney:       [Self-Represented Litigant]

Filed Date:     May 9, 2018

Response in Opposition filed on 05/29/2018 by Attorney William F. Ellis for Town of Hartford

**The motion is referred to the Chief Superior Judge.**

By his letter dated April 25, 2018, and filed with the Court on May 9, 2018, Respondent/ Appellant Marc Wood ("Respondent") presents several factual allegations which, if true, would support his request that the undersigned should recuse himself as the trial judge presiding over the above referenced Dockets.

The two Dockets referenced above were the subject of a Corrected Merits Decision,[1] issued by this Court on March 27, 2012; Respondent appealed that Decision to the Vermont Supreme Court, which affirmed our Decision.  See In re Wood NOV and Permit Amend. Applications, 2013 VT 40, 194 Vt. 190.

This Court was next called upon to revisit these closed Dockets in 2014 when Mr. Wood and the Town of Hartford ("Town") each filed post-judgment motions.  By two Entry Orders, issued on the same day, this Court denied Mr. Wood's motion for post-judgment relief and granted the Town's motion to hold Mr. Wood in contempt for failing to pay all fines due, including

---

[1] The Corrected Merits Decision was issued to remedy certain typographical errors as to dates on pages 11 and 15 and the per-day fine recited on page 19 of the original Merits Decision, which was issued on February 22, 2012.

interest, and to complete performance of all injunctive relief directed by the Court in its Corrected Merits Decision. See In re Wood NOV and Permit Apps., 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Aug. 12, 2014) (Durkin, J.). This Court established a new deadline for Mr. Wood to satisfy the injunctive directives[2] and deferred its determination of whether to award the Town further reimbursements, including attorney's fees, incurred as a consequence of Mr. Wood's contempt. Id.[3]

The Town thereafter moved for enforcement of the contempt order and Mr. Wood moved for further clarification of the Corrected Merits Decision and Judgment Order. After "[m]any conferences and other procedural back and forths on how best to enforce the Court's final judgment . . . [and a]fter several scheduling delays, the Court scheduled a hearing on all . . . motions for April 25, 2016." In re Wood NOV and Permit Apps., 138-8-10 Vtec and 1-1-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. April 13, 2016) (Durkin, J.). When Mr. Wood's attorney requested leave to withdraw her representation, and based upon the credible grounds presented, the Court granted that withdrawal request and a further continuance of the motions hearing. Id. The hearing on those post-judgment motions was rescheduled to August 30, 2016.

After hearing and affording the parties an opportunity to make post-hearing filings, the Court issued its Decision on Post-Judgment Motions on March 1, 2017; a revised Decision was issued to address several requests for clarification posed by both parties. See In re Wood NOV and Permit Apps., 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Ct. Envtl. Div. April 3, 2017) (Durkin, J.).

These coordinated Dockets were then again closed, but were re-opened to address Respondent's Motion for Relief from Judgment, filed on March 5, 2018. Before the Court had an opportunity to address that motion, Respondent filed his request for recusal. We therefore first address the recusal request, since it deserves priority.

Due to the lengthy history of the litigation between Mr. Wood and the Town, all of which concerned his efforts to develop his commercial property along Route 14, we provide the

---

[2] As to the injunctive actions, the Court directed that Mr. Wood, no later than Friday, September 12, 2014:

1.  Pay to the Town of Hartford the sum of $10,664.76;

2.  Provide a full copy of this Court's March 27, 2012 Corrected Merits Decision and Judgment Order to Mr. Wood's engineers, Souhegan Valley Engineers, Inc., as well as a copy of this Entry Order;

3.  Authorize the[] engineers to speak with any officials designated by the Town, so that the Town may confirm that Defendants' directives conform with this Court's Orders;

4.  Fulfill the remaining injunctive provisions of this Court's March 27, 2012 Corrected Judgment Order, using September 12, 2014 as the final deadline to calculate all remaining deadlines.

In re Wood NOV and Permit Apps., 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Ct. Envtl. Div. Aug. 12, 2014) (Durkin, J.).

[3] While the Court's contempt order initially named both Mr. and Mrs. Wood, the Court subsequently granted Mrs. Wood's motion to clarify its contempt order by noting that the Court directives only required Mrs. Wood to fulfill her obligations under the Corrected Judgment Order of March 27, 2012. Mrs. Wood has not been an active participant in the zoning violations caused by her husband and has been a participant in these legal proceedings mainly because she is a joint owner of one of the subject parcels. See In re Wood NOV and Permit Apps., 138-8-10 Vtec and 1-1-11 Vtec (Vt. Super. Ct. Envtl. Div. March 6, 2015) (Durkin, J.).

following citations to the various appeals and enforcement actions that have come before this Court concerning Respondent's development efforts:

- Town of Hartford v. Wood, Docket No. 72-3-00 Vtec. This enforcement action was filed on March 30, 2000 and was closed after a judgment order was issued by Judge Merideth Wright on September 24, 2001. Mr. Wood appealed to the Supreme Court, which issued its affirmation on May 29, 2002. Town of Hartford v. Wood, No. 2001-473, 2002 WL 34423566 (unpub. mem.). Several post-judgment motions were then filed, including motions for contempt by the Town and motions to reopen and reconsider by Respondent. The undersigned addressed all post-judgment motions and the matter was re-closed on March 6, 2008.

- In re Appeal of Marc & Susan Wood, Docket No. 121-7-03 Vtec. Mr. and Mrs. Wood filed this appeal on July 14, 2003 from a denial of a permit for their as-built retaining wall and commercial development of the site. On May 19, 2004, Judge Wright issued an order vacating the municipal decision and remanding the matter for further consideration. The matter was re-opened on October 10, 2007 to address multiple post-judgment motions that were filed over the course of several months. The matter was re-closed on September 15, 2008, after the Court conducted a final conference to address questions raised by Mr. Wood.

- In re Appeal of Marc Wood, Docket No. 185-10-04 Vtec. On October 6, 2004, Marc Wood filed this appeal of another municipal determination concerning his same proposed development, including the retaining wall. The parties filed multiple pre-trial motions, all of which the Court addressed by either a decision or entry order. The last order issued on April 13, 2006, granted summary judgment for the Town. Mr. Wood filed an appeal to the Supreme Court on May 17, 2006; the Supreme Court dismissed that appeal as untimely, thereby closing the case. On August 24, 2007, the matter was re-opened to address a post-judgment motion to compel filed by the Town. Multiple other post-judgment motions were filed, which the Court addressed at various hearings and in various decisions and entry orders. The Court re-closed the matter on September 15, 2008, after responding to Mr. Wood's request to clarify its prior entry orders.

- In re Wood Zoning Permit Amendment, Docket No. 81-4-07 Vtec. Mr. Wood then applied for an amendment to his now-expired zoning permit from 1999. When the appropriate municipal panel denied his permit amendment application, he filed an appeal with this Court on March 9, 2007. On August 27, 2007, the Court granted the Town's motions for summary judgment and to dismiss Mr. Wood's appeal. Mr. Wood filed several reconsideration requests, all of which the Court addressed by various entry orders. As a consequence of the last of those entry orders, this appeal was closed on March 6, 2008.

- In re Wood Certificate of Occupancy, Docket No. 176-8-07 Vtec. In 2007, Mr. and Mrs. Wood also applied for a certificate of occupancy ("CO") from the Town. When their CO request was denied, they filed this appeal on August 20, 2007. The parties requested that the Court stay consideration of this appeal while the Court was addressing motions in the other pending Wood appeals; the Court granted that stay request. Thereafter, the parties

filed multiple pre-trial motions.  This appeal was closed on June 10, 2009 after the Court granted summary judgment to the Town.

- In re Wood NOV and Permit Applications, Docket No. 138-8-10 Vtec.  Sometime prior to the filing of this appeal, the Town had served Mr. and Mrs. Wood with a notice of alleged zoning violations ("NOV") at their Route 14 property.  Mr. and Mrs. Wood had also applied for one or more new permits for the development of their Route 14 property.  On August 17, 2010, the Woods appealed the NOV and the permit denials in a single appeal to this Court.  The Court and the parties prepared for trial, which was held on July 14, 21, and 22, 2011 at what is now known as the Windsor Superior Court, Civil Division, in Woodstock.  The Court allowed the parties to make post-trial filings and then rendered its Merits Decision and Judgment Order on February 22, 2012.  In response to post-trial motions, the Court issued a Corrected Merits Decision and Judgment Order on March 27, 2012.  The Woods appealed to the Vermont Supreme Court on April 25, 2012.  The Supreme Court issued its Decision affirming this Court on June 14, 2013.  In re Wood NOV & Permit Applications, 2013 VT 40, 194 Vt. 190.  That Decision closed this appeal.  However, the matter was re-opened to address many post-judgment motions, thirteen by the undersigned's count, including the pending recusal motion and Mr. Wood's April 5, 2018 motion for relief from judgment that we have suspended to address Mr. Wood's recusal request.  The Court has addressed all but those last two pending motions.

- Town of Hartford v. Wood, Docket No. 1-1-11 Vtec.  The Town filed this zoning enforcement action on January 4, 2011, to prosecute Mr. Wood for the zoning violations it alleged in the NOV appealed by Mr. Wood in Docket No. 138-8-10 Vtec.  The Court coordinated the matters for trial and held a coordinated trial on July 14 and 21-22, 2011.  After allowing the parties to make post-trial filings, the Court issued its Merits Decision and Judgment Order on February 22, 2012.[4]  Mr. Wood thereafter filed an appeal with the Supreme Court, which issued its Decision affirming this Court on June 14, 2013.  That Decision closed this appeal.  However, the matter was re-opened to address many post-judgment motions, sixteen by the undersigned's count, including the pending recusal motion and Mr. Wood's April 5, 2018 motion for relief from judgment that we have suspended to address Mr. Wood's recusal request.  The Court has addressed all but those last two pending motions.

Over the course of the last thirteen and a third years, the undersigned has served as the judge presiding on all of the pending cases concerning Mr. Wood and the Town.  During that entire time, I have attempted to provide both parties with a full and fair opportunity to present their evidence and have reserved judgment upon those facts and arguments until the close of trial or motion practice.  In addition, during the periods when Mr. Wood has represented himself, I have attempted to protect him from any unfair prejudice that could have occurred against him due to his self-represented status.  I regret that my efforts have apparently not been sufficient to convinced Mr. Wood that he has been treated fairly during these various litigations.

---

[4] In response to Mr. Wood's post-judgment motion, the Court issued an Amended Merits Decision and Judgment Order on March 27, 2012.

I have reviewed the allegations Mr. Wood presents in his April 25, 2018 letter. I find his representations very disturbing, for several reasons, including that I have a quite different recollection of the events he references. I specifically recall the site visits the Court has conducted with the parties at his property. I do not recall stating what he alleges, and I do not recall any site visit being recorded. Had he supplied a copy of that recording with his April 25th letter, I would have reviewed it to help determine the credibility of his allegations. Without the tape he references, I am left to rely solely upon my own recollection, which contradicts his assertions.

Despite his allegations, I believe I can continue to remain impartial when called upon to address the remaining issues raised by Mr. Wood's post-judgment motion.

Civil Rule 40(e) governs when a trial judge is called upon to recuse or disqualify themselves. It does not appear to specifically address post-judgment disqualification motions, but we believe it is analogous to the procedural stance presented here.

Subsection (2) of this Rule requires that disqualification motions "shall be accompanied by an affidavit . . . ." V.R.C.P. 40(e)(2). Mr. Wood chose to provide no such affidavit in support of his motion.

When a trial judge is unable to conclude that a disqualification motion should be granted, she or he is directed to not rule on the pending motion and instead "refer the motion" to the Chief Superior Judge. V.R.C.P. 40(e)(3). Based upon Mr. Wood's submission, and its deficiencies, I am unable to grant his disqualification request. I therefore refer this motion to our Chief Superior Judge.

**So Ordered.**

Electronically signed on June 1, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
William F. Ellis (ERN 3412), Attorney for Plaintiff Town of Hartford
 Defendant Marc Wood
 Hon. Brian J. Grearson, Chief Superior Judge